**DEVON CORPORATION, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

**No. 80–1511.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Sept. 28, 1981.

Decided Nov. 2, 1981.

Terry R. Barrett, Oklahoma City, Okl. (McAfee & Taft, P.C., Stanley L. Cunningham and C. David Stinson, Oklahoma City, Okl., with him on the briefs), for petitioner.

Joanne Leveque, Washington, D. C. (Robert R. Nordhaus and Jerome Nelson, Washington, D. C., were with her on the brief), for respondent.

Before SETH and BREITENSTEIN, Circuit Judges, and KUNZIG,* Judge.

BREITENSTEIN, Circuit Judge.

Petitioner Devon Corporation seeks review of an unreported order of the Federal Energy Regulatory Commission, successor to various functions of the Federal Power Commission. See 42 U.S.C. §§ 7171 and 7172. The order denied small producer treatment for certain gas produced and sold by Devon. We affirm the order.

On June 21, 1973, the Commonwealth Group of natural gas producers conveyed natural gas reserves in place to Nichols, president of Devon. Two days later Nichols transferred the reserves to Devon. Rates for interstate sales of natural gas are controlled by the Natural Gas Act, 15 U.S.C. § 717, et seq., and pertinent Commission regulations. Gas sold interstate by small producers may receive a higher base rate than that sold by large producers. Small producers are also exempt from certain filing requirements applicable to large producers. Before the acquisition, Devon was admittedly a small producer.

In 1976 Devon applied to the Commission for a small producer exemption. A small producer was then defined as, 18 C.F.R. § 157.40(a)(1):

"an independent producer of natural gas * * * who is not affiliated with a Class A natural gas pipeline company and whose total 'jurisdictional sales' on a nationwide basis, together with such sales by 'affiliated producers' were not in excess of 10,000,000 Mcf at 14.3 psia *during the preceding calendar year."* [Emphasis supplied.]

In 1972 the Commonwealth jurisdictional sales exceeded 10,000,000 Mcf and in 1973, the year of Devon's acquisition, the sales were less than that amount. Despite the regulatory advantages of a small producer certificate, Commonwealth had never applied for such certificate. At the time of Devon's acquisition and application, Reg. 157.40(c) provided:

"Rate regulation as prescribed herein shall not apply to any jurisdictional sales made by a small producer where the gas reserves relating thereto were acquired by the purchase of developed reserves in place from a large producer."

The Commission issued an order denying Devon's application for small producer rate treatment. In so doing it said:

"Beginning with the first small producer rulemaking order [footnote omitted], the Commission has consistently applied the volumetric test for small producer status on a calendar year basis."

The Commission held that because the 1972 Commonwealth sales exceeded 10,000,000 Mcf Devon acquired the reserves from a large producer and was not entitled to small producer treatment. On petition for rehearing the order was modified so as not to preclude Devon from collecting small producer rates for sales of gas produced from reserves developed by it.

Devon argues that the status of Commonwealth should be determined by its sales during 1973, the year of the acquisition of the reserves by Devon. The Commission says that the status is determined by the Commonwealth sales during the preceding calendar year. The action of the Commission was based in part on its Order No. 568 which stated that classification based on the immediately preceding calendar year was not a departure from past practices. Devon

---

* Robert L. Kunzig, Judge of the U. S. Court of Claims sitting by designation.

argues that Order No. 568 was made after Devon's application was filed and by its terms provided that it was to have prospective effect only. With regard to past practices, the Commission order in this case says that it has consistently applied the test on a calendar year basis.

The phrase "any calendar year" as used in § 157.40(a)(1) lacks certainty. It does not discriminate between one year and another. Devon cites a number of cases to support its argument that the year of purchase determines status. The cases do not impress us. The large producer status may not last forever. In Suburban Propane, FPC Docket No. CS 75–396 (May 27, 1976), the Commission issued a small producer certificate to a producer whose sales in the preceding year had fallen below 10,000,000 Mcf. The instant case is different because Devon, a small producer, acquired reserves from Commonwealth, a large producer. The case of E. G. Rodman, FPC Docket No. CS 66–50 (August 27, 1974), is the reverse of Suburban Propane. In 1974 the Commission terminated Rodman's small producer certificate because his 1973 sales exceeded the limit. Ladd Petroleum Corp., FPC Docket No. CI 161–592 (November 13, 1975), and Mesa Petroleum Co., FPC Docket No. CS 67–82 (October 1, 1976), involved the merger of a large producer with a small producer.

Devon argues that its interpretation of "any calendar year" should prevail over that of the Commission. We do not agree. Speculation of what the result might be in different situations is of no pertinence. The administrative agency's interpretation of its regulations controls "unless it is plainly erroneous or inconsistent with the regulation." *Udall v. Tallman*, 380 U.S. 1, 16–17, 85 S.Ct. 792, 801, 13 L.Ed.2d 616, quoting from *Bowles v. Seminole Rock Co.*, 325 U.S. 410, 413–414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700. See also *Belco Petroleum Corp. v. Federal Energy Regulatory Commission*, D.C.Cir., 589 F.2d 680, 685–686. We are convinced that the agency use of the previous calendar year to determine status is reasonable, consistent with the regulations, and in conformity with previous Commission practice. That ruling is dispositive because Reg. 157.40(c) provides that the small producer exemption does not apply to jurisdictional sales of gas from reserves acquired by the purchase of developed reserves in place from a large producer.

The petition for review is denied.